**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRACE NAVARRO, *on behalf of herself, and all others similarly situated, and the general public*,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 1:24-cv-00280 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS WITH MODIFICATIONS; GRANTING DEFENDANT'S MOTION FOR TRANSFER OF VENUE; DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT; AND TRANSFERRING ACTION TO THE DISTRICT OF MINNESOTA<br><br>(Docs. 11, 24, 41) |

Defendant moved to dismiss this action for lack of standing and failure to state a claim. (Doc. 11.) Next, Defendant moved to change venue pursuant to 28 U.S.C. § 1404(a) from the Eastern District of California to the District of Minnesota. (Doc. 24.) The magistrate judge issued findings and recommendations to grant the motion to change venue and deny the motion to dismiss as moot. (Doc. 41.) Plaintiff filed objections (Doc. 42), and Defendant filed a response thereto. (Doc. 43.)

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court agrees that the motion to transfer should be granted but departs from the magistrate judge's reasoning in one respect. The findings and recommendations wrestled at length with the question of whether the first-to-file rule should give way to the transfer-of-venue analysis under 28 U.S.C. § 1404(a), ultimately suggesting that the first-to-file rule does not apply under the present circumstances. (Doc. 41 at 7–8.) Though the magistrate judge's reasoning on

1   this point is not illogical, the Court finds it unnecessary to rule definitively on this complex issue here
2   because transfer is appropriate even if the first-to-file rule applies.[1] As Plaintiff concedes (Doc. 42 at
3   4), factors that may warrant departure from the first-to-file rule include convenience to the parties or
4   sound judicial administration, both of which are key to the magistrate judge's reasoning under the
5   § 1404(a) analysis provided in the findings and recommendations.

6         The findings and recommendations gave considerable weight to the fact that there are three other,
7   similar class actions now pending in the District of Minnesota, all of which have now been related and
8   assigned to the same district and magistrate judges: *Miller v. Target Corp.*, No. 24-cv-01323-ECT-
9   JFD, Order of Reassignment of Related Cases, ECF No. 32 (D. Minn. Aug. 21, 2024); *Hill-Horse v.*
10  *Target Corp.*, No. 24-cv-02197-ECT-JFD, Order of Reassignment of Related Cases, ECF No. 21 (D.
11  Minn. Aug. 21. 2024); *O'Dea v. Target Corp.*, No., 24-cv-04095-ECT-JFD, Order of Reassignment of
12  Related Cases, ECF No. 21 (D. Minn. Dec. 10, 2024). In her objections, Plaintiff cites *Gunaratna v.*
13  *Dr. Dennis Gross Skincare LLC*, No. CV 20-2311-MWF (GJSx), 2023 WL 5505032, at *10–11 (July
14  20, 2023), to diminish the import of the three other Minnesota cases. *Gunaratna* was a false
15  advertising California class action in which Plaintiffs purported to represent a California-only class. *Id*.
16  at *5. In a later-filed case, the same counsel that represented the *Gunaratna* plaintiffs filed a putative
17  class action in the Southern District of New York based on similar factual allegations on behalf of a
18  nationwide class that excluded California consumers. *Id*. at *2. Under those circumstances, "[w]here
19  differences in the parties and postures of a case make consolidation less practical, courts have not
20  deemed the existence of a related case pending in another district to be dispositive" of the judicial
21  economy analysis. *Id*. at *10. *Gunaratna* is inapposite here, where the three cases pending in
22  Minnesota are substantially similar to this action—so much so that the Panel on Multidistrict Litigation
23  specifically encouraged efforts by the parties to "organize the litigation on a defendant-specific basis."
24  *In re Benzoyl Peroxide Mktg., Sales Pracs. & Prods. Liab. Litig.*, 743 F. Supp. 3d 1373, 1375 (U.S.
25  Jud. Pan. Mult. Lit. 2024).

26        Plaintiff's other objections are also unpersuasive. She asserts, for example, that the findings and
27
28  [1] The findings and recommendations offer this alternative approach in a footnote. (*See* Doc. 41 at 9 n. 4.)

recommendations "express[] extensive concern for Defendant's ability to contain expenses, with no similar concern for Plaintiff." (Doc. 42 at 7.) This is not a fair assessment of the magistrate judge's reasoning, which acknowledged that certain convenience issues "cut[] both ways," (Doc. 41 at 14) but ultimately concluded there would likely be few non-party witnesses in California and that convenience would otherwise be maximized and costs minimized overall by transferring this case to Minnesota, again because <u>three</u> other similar class actions are pending there. Overall, the Court agrees that it is appropriate to exercise its discretion to transfer this matter to the District of Minnesota. Accordingly, the Court **ORDERS**:

1. The findings and recommendations (Doc. 41) filed November 4, 2024, are **ADOPTED,** based on the modified reasoning articulated above.
2. Defendant's motion to transfer venue (Doc. 24) is **GRANTED**.
3. Defendant's motion to dismiss (Doc. 11) is **DENIED** as **MOOT**.
4. This matter is **TRANSFERRED** to the United States District Court for the District of Minnesota.

IT IS SO ORDERED.

Dated:   **April 2, 2025**

_____
UNITED STATES DISTRICT JUDGE

3